[No. 39215. Department One. June 15, 1967.]

THE STATE OF WASHINGTON, *Respondent*, v. ERIC LEONARD THOMAS, *Appellant*.*

*Nile E. Aubrey*, for appellant.
*Ronald L. Hendry*, for respondent.

*Reported in 429 P.2d 231.

JAMES, J.†—Appellant was found guilty of the crime of rape. In this appeal he makes two assignments of error.

I

Was appellant denied the effective assistance of counsel in violation of his constitutional rights?

 In his brief and in oral argument appellant's appointed counsel for appeal reviews our recent decisions concerning similar assignments of error. *State v. Roberts*, 69 Wn.2d 921, 421 P.2d 1014 (1966); *State v. Lei*, 59 Wn.2d 1, 365 P.2d 609 (1961), and from them correctly concludes the test to be: After considering the *entire record*, can it be said that the accused was afforded an *effective representation* and a *fair* and *impartial* trial?

 In support of his assertion that he was not so represented by his court-appointed counsel at the trial, appellant enumerates four instances of alleged incompetence or neglect:

1. That at the time of his appointment (August 19, 1966), trial counsel informed the court that it would be necessary that the trial be completed prior to October 25, 1966, because of prior commitments.

Appellant fails, however, to suggest any disadvantage suffered in this regard. Time to prepare for trial appears to have been ample.

2. That trial counsel advised him to waive a jury trial.

In a non-capital criminal case, the accused may waive his right to a trial by jury. *State v. Forza*, 70 Wn.2d 69, 422 P.2d 475 (1966). Counsel's advice on this point falls within the area of judgment and trial strategy and as such rests exclusively in trial counsel. Appellant's trial counsel, in the face of a particularly brutal act and crime, may well have felt that a judge would be less easily inflamed or swayed by emotion than a jury.

3. That his attorney did not cross-examine the complaining witness as to whether she recognized appellant from memory or from his allegedly being pointed out to her just prior to trial. The record does not reflect whether or not

---

†Judge James is serving as a judge pro tempore of the Supreme Court pursuant to Art. 4, § 2(a) (amendment 38), state constitution.

trial counsel had any reason to believe that appellant had been pointed out to the complaining witness. The record does reflect, however, that the complaining witness had ample opportunity to see appellant on the night of the crime and that she identified him of her own knowledge at the trial approximately two months later. *State v. Stockman,* 70 Wn.2d 941, 425 P.2d 898 (1967). Parenthetically, it is noted that this point was not raised at trial and that the affidavit used to establish the point on appeal was not executed until 4 months after trial.

4. That trial counsel failed to call witnesses who could bolster his defense of alibi. The complaining witness was attacked and raped in her home in Tacoma at approximately 10 p.m. Appellant testified that he was playing cards with his friends in their quarters at Fort Lewis until about 9:30 p.m., and that he then went to his own quarters where he retired. Appellant's appeal counsel stresses that not only did trial counsel fail to call the "alibi" witnesses but failed to contact them to determine if their testimony might be helpful to the defense.

The record does not support the assertion that there was not a proper appraisal of the possible value of such testimony. On cross-examination appellant (who, incidentally, stated that he could not remember the full names of his friends), testified that the possibility of calling the witnesses had been discussed with his trial counsel. It is clear from the record that it was trial counsel's judgment that their testimony would not be of value.

The decision as to whether or not to call alibi witnesses is again a matter of judgment and trial strategy. A weak alibi witness can weaken a defense case.

As we observed in *State v. Roberts, supra,* the method and manner of preparing and presenting a case will vary with different counsel. The effectiveness or the competence of counsel cannot be measured by the result obtained. Some defendants are, in fact, guilty and no amount of forensic skill is going to bring about an acquittal.

## II

Did the evidence establish appellant's guilt beyond a reasonable doubt?

Appellant's argument in support of his second assignment of error is largely a generalized attack upon the credibility of the complaining witness insofar as she identified appellant as the assailant who violently raped her. The trial court's oral opinion and the findings of fact disclose his reliance upon three areas of evidence with regard to identification. First, the complaining witness testified that she saw the appellant face to face several times in her home on the night of the crime; that appellant struck her, dragged her into the house, told her to submit or he would hit her again, and then raped her. Second, the complaining witness testified that appellant used her telephone to call someone named "Irene" and an Irene Gray testified at the trial that appellant had called her. Third, appellant's fingerprints, positively identified by police technicians, were found in the premises of the complaining witness. Appellant could not explain the presence of these fingerprints.

The record in the case, read in its entirety, amply supports the trial court's judgment.

The judgment is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and HALE, JJ., concur.