[No. 43726. En Banc. November 6, 1975.]

THE STATE OF WASHINGTON, *Petitioner*, v. WILLIE HESS, *Respondent.*

*Henry R. Dunn, Prosecuting Attorney,* and *James E. Warme, Chief Deputy,* for petitioner.

*Judith S. Dubester,* for respondent.

*David A. Leen,* amicus curiae, on behalf of Legal Services Center.

BRACHTENBACH, J.—Defendant was convicted of grand larceny by embezzlement from a combination grocery store and gasoline station which he had been managing. He appealed to the Court of Appeals which affirmed the conviction, but set aside a condition of probation requiring payment of attorney's fees incurred in providing him counsel as an indigent. *State v. Hess,* 12 Wn. App. 787, 532 P.2d 1173 (1975). The defendant petitioned for review on two

issues: (1) whether the trial court erred in admitting evidence of uncharged offenses and (2) whether the failure of trial counsel to subpoena a witness constituted a denial of his right to effective counsel. The State petitioned for review on the attorney's fee recoupment issue. We affirm the Court of Appeals as qualified by this opinion.

[1] The first issue is whether the court erred in admitting evidence of losses and shortages in the business managed by defendant at times prior to the date charged in the information. Defendant contends this was prejudicial error because a defendant must be tried only for the offenses charged. *State v. Mack*, 80 Wn.2d 19, 490 P.2d 1303 (1971). However, there are exceptions to this rule which make evidence of such uncharged offenses relevant. Included in the exceptions is evidence which shows intent or a common scheme or plan. *State v. Goebel*, 36 Wn.2d 367, 369, 218 P.2d 300 (1950); *State v. Mack, supra.* The State here had to prove intent and had to overcome a claim that the defendant was entitled to the missing funds as salary and reimbursement for certain advances alleged to have been made for the employer. By the evidence of the beginning and ending inventories, as well as various shortages and losses at different times, the State proved intent and a common scheme or plan. The evidence was admissible.

■ Defendant argues that even if the evidence fell within the exceptions mentioned, there was error due to the court's failure to give a cautionary instruction regarding the limited purpose for which the evidence was admitted. No such instruction was requested. Thus, there is no error. *State v. Noyes*, 69 Wn.2d 441, 446, 418 P.2d 471 (1966).

As to the second issue relating to the failure of defendant's court appointed trial counsel to subpoena a witness, we agree with the Court of Appeals which determined that trial counsel's decision not to subpoena the witness was a matter of legitimate trial tactics. *State v. Hess, supra* at 790.

The third issue is whether probation can be conditioned

upon a defendant's reimbursement of attorney fees. Defendant, an indigent, was provided counsel at county expense. As a condition of his probation, defendant was ordered to reimburse the county for court costs, including the cost of paying his attorney. The Court of Appeals held the condition to be constitutionally invalid on the basis that requiring such repayment chills a defendant's exercise of the right to counsel. In so holding, the court relied upon this court's decision in *State ex rel. Brundage v. Eide*, 83 Wn.2d 676, 521 P.2d 706 (1974).

In *State ex rel. Brundage v. Eide, supra*, we held it constitutionally impermissible to order the defendant, at the time of appointment of counsel, to pay the attorney's fee if defendant were able, within 6 months of arraignment, to pay without hampering his ability to meet necessary living expenses. We relied, among other authorities, upon *In re Allen*, 71 Cal. 2d 388, 455 P.2d 143, 78 Cal. Rptr. 207 (1969), and upon the reasoning of the dissent in *State v. Fuller*, 12 Ore. App. 152, 504 P.2d 1393 (1973). Subsequent to *Eide*, the United States Supreme Court upheld the majority of the Oregon Court of Appeals in *Fuller v. Oregon*, 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974). *Fuller* held constitutional an Oregon recoupment statute because it contained several safeguards against oppressive application. The Oregon law provided (1) that the requirement of repayment could be imposed only upon a convicted defendant, (2) that a convicted person could not be ordered to pay the expenses unless able to do so, (3) that a convicted person under an obligation to repay could at any time petition the court for remission of the payment of costs or any unpaid portion of costs, (4) that the court was empowered to remit if payment would impose manifest hardship upon the defendant or defendant's immediate family, and (5) that no convicted person could be held in contempt for failure to repay if the default was not attributable to an intentional refusal to obey the court or to a failure to make a good faith effort to make the payment. The Supreme Court emphasized that the legislation was "tailored to im-

pose an obligation only upon those with a foreseeable ability to meet it, and to enforce that obligation only against those who actually become able to meet it without hardship." *Fuller v. Oregon, supra* at 54.

Underlying the *Fuller* decision is a concern that indigent defendants might be discouraged from utilizing court-appointed counsel where repayment for such services could later be required without regard to the defendant's particular circumstances. Similarly, in *Eide* we were concerned primarily with the absence of standards sufficient to protect the defendant against an arbitrary imposition of costs. That concern remains. We have no statute which sets forth guidelines for requiring the repayment of court-appointed attorney fees, and the condition placed upon defendant's probation in this case cannot stand.

With respect to the Sixth Amendment right to counsel, the Supreme Court in *Fuller* has determined that an indigent defendant may constitutionally be required to repay the costs of court-appointed counsel if the requirement is imposed in accordance with certain statutory protections. The Court of Appeals in this case, however, indicates that such a requirement would violate our state constitutional provision relating to right of counsel (Const. art. 1, § 22) and cites *Eide* as support for that view. The issue of whether a statute which authorizes recoupment and which provides those safeguards noted in *Fuller* was not before this court in *Eide* and is not before us here. Likewise we are not presented and do not consider the question whether the court has inherent power to exercise discretion to consider appropriate factors and fashion conditions of probation which meet constitutional criteria. That was not done in this case. We note that a California recoupment statute, passed subsequent to *Allen*, was recently upheld as constitutional in *People v. Amor*, 12 Cal. 3d 20, 523 P.2d 1173, 114 Cal. Rptr. 765 (1974), but we express no opinion on

whether such a statute would meet the requirements of our state constitution.

The Court of Appeals is affirmed as qualified herein.

FINLEY, ROSELLINI, HUNTER, HAMILTON, and UTTER, JJ., concur.

STAFFORD, C.J. (concurring)—I concur with the majority opinion because it has narrowly circumscribed the apparent rejection of recoupment of attorney's fees in *State ex rel. Brundage v. Eide*, 83 Wn.2d 676, 521 P.2d 706 (1974) to the specific facts at hand. As a result the majority has left for further consideration the question whether, as a term of probation, a defendant may be required to repay the state for fees paid to a court-appointed attorney (1) if a recoupment statute provides the constitutional safeguards noted in *Fuller v. Oregon*, 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974); or (2) if, in the absence of legislation, a trial court fashions terms of probation which meet the *Fuller* criteria.

It is important that the instant case has left this matter open to further consideration. Most courts and legislatures which have dealt with the subject have considered it logical that a probationer who was indigent at the time of trial but who later acquires the ability to pay his court-appointed attorney should do so. *Fuller v. Oregon, supra, aff'g State v. Fuller*, 12 Ore. App. 152, 160, 504 P.2d 1393 (1973); *James v. Strange*, 407 U.S. 128, 141, 32 L. Ed. 2d 600, 92 S. Ct. 2027 (1972); *Rinaldi v. Yeager*, 384 U.S. 305, 311, 16 L. Ed. 2d 577, 86 S. Ct. 1497 (1966); *People v. Amor*, 12 Cal. 3d 20, 523 P.2d 1173, 114 Cal. Rptr. 765 (1974); *In re H.*, 2 Cal. 3d 513, 522, 468 P.2d 204, 86 Cal. Rptr. 76 (1970). It has been deemed necessary only that the required reimbursement conditions do not violate the Sixth Amendment right to counsel. *Fuller v. Oregon, supra; People v. Amor, supra.* In this regard, recoupment statutes in Oregon and California have been held to provide adequate constitutional safeguards when requiring repayment of attorney's fees. *Fuller v. Oregon, supra; People v. Amor, supra.* These cases require that: (1) the defendant be given notice at the time

counsel is appointed that the repayment obligation will be conditioned on his future ability to pay; (2) the defendant be convicted; (3) the imposition of costs be based on a foreseeable ability to pay without hardship to the defendant or his immediate family; (4) the defendant be entitled to the same exemption as civil judgment debtors at execution; and (5) the order may not be enforced by contempt unless nonpayment is intentional or in bad faith.[1]

The foregoing requirements effectively prevent discouragement of an indigent defendant's exercise of his right to counsel. A defendant's knowledge that he eventually may be required to repay his attorney's fees, if he is able to do so without hardship, has no logical impact upon his eligibility to obtain free counsel *at the time he needs it, i.e.,* when criminal proceedings are commenced against him. There is no constitutional requirement that he be provided with the services of a lawyer as a "hand-out." An indigent defendant who later becomes able to pay his attorney's fees is no more discouraged from obtaining counsel than is a nonindigent defendant who has only moderate funds but who must decide whether to spend them on an attorney. As stated in *Fuller v. Oregon, supra* at 53-54, "We cannot say that the Constitution requires that those only slightly poorer must remain forever immune from any obligation to shoulder the expenses of their legal defense, even when they are able to pay without hardship."

With expanding criminal dockets and the appointment of more lawyers for more indigents in an ever-widening class of cases, the burden on public funds must be given some common-sense consideration. Recoupment of attorney's fees will benefit the state by reimbursement as well as by deterring defendants who might otherwise falsely claim indi-

---

[1] It appears that the trial judge in the instant case, as in *State ex rel. Brundage v. Eide,* 83 Wn.2d 676, 521 P.2d 706 (1974), may have failed to meet the constitutional guidelines of *Fuller v. Oregon,* 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974), aff'g *State v. Fuller,* 12 Ore. App. 152, 504 P.2d 1393 (1973), and *People v. Amor,* 12 Cal. 3d 20, 523 P.2d 1173, 114 Cal. Rptr. 765 (1974), when ordering recoupment of attorney's fees from the defendant as a condition of probation.

gency. If an "indigent" defendant knows he must repay attorney's fees if and when he becomes able to do so, he may actually prefer to retain a lawyer of his own choice rather than look for a "free ride."

Because the majority has left open the issue of recoupment of attorney's fees as a condition of probation, I concur in the decision.[2]

WRIGHT and HOROWITZ, JJ., concur with STAFFORD, C.J.

FINLEY, J. (concurring)—Both the majority opinion and the concurrence by Stafford, C.J., refer to the decision of the United States Supreme Court in *Fuller v. Oregon*, 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974). The majority opinion implies, but the concurrence by Stafford, C.J., states explicitly, that "a defendant may be required to repay the state for fees paid to a court-appointed attorney (1) if a recoupment statute provides the constitutional safeguards noted in *Fuller v. Oregon*, 417 U.S. 40, 40 L. Ed. 2d 642, 94 S. Ct. 2116 (1974); or (2) if, in the absence of legislation, a trial court fashions terms of probation which meet the *Fuller* criteria."

I see no real difference in whether the safeguards emphasized in *Fuller* are prescribed (a) by statute or (b) by an appropriate order of a trial court as terms of granting probation. In other words, substance in terms of legal effect should be the paramount consideration whether this is pursuant to a statute or an appropriate order of a trial court. I think this should be made quite clear in the instant case for the guidance of those trial judges and trial counsel involved in other cases where the question is raised as to the recoupment of attorneys' fees for court-appointed counsel for indigent criminal defendants.

HAMILTON, J., concurs with FINLEY, J.

---

[2] Adoption of legislation similar to the recoupment statutes enacted by Oregon and California should be given serious consideration.