[No. 2084–3.   Division Three.   December 29, 1977.]

THE STATE OF WASHINGTON, *Respondent,* v. ROBERT P. McGINLEY, *Appellant.*

*Cone, Kiesz, Gaukroger & Woolett* and *Robert Kiesz*, for appellant (appointed counsel for appeal).

*Michael Tabler, Prosecuting Attorney,* and *Judith L. McCauley, Deputy,* for respondent.

MUNSON, C.J.—Robert P. McGinley appeals his jury conviction on two counts of delivery of a controlled substance, *i.e.,* marijuana. He challenges the competency of his trial counsel, the trial judge's actions in allowing recall of a

state's witness, the chain of custody for the physical evidence, and the validity of the statutory prohibition against delivery of marijuana. We affirm.

At trial, evidence was produced from which the jury could find the following: Investigators Patterson and Babcock went to an apartment Mr. McGinley shared with Tom and Fred Nolop. Patterson, who had previously contacted the Nolops regarding purchase of marijuana, asked Fred Nolop if he had any pounds of marijuana left. Nolop replied he had sold the pounds but asked Mr. McGinley if he had any lids left; McGinley said he did. McGinley left the living room, and returned shortly thereafter with six lids of marijuana. McGinley handed the lids to Patterson, who inspected them and picked out the lids he wanted. Patterson laid the remaining lids on an arm table near the couch. Babcock made a similar purchase, holding the lid he purchased in his hand until he and Patterson left the residence. At the time they left, Babcock placed his lid under his shirt which Patterson observed. After they got into the car, Babcock took the lid out of his shirt and gave it to Patterson. After they returned to Patterson's residence, Babcock put his initials on the bag.

The State offered into evidence two bags of marijuana allegedly purchased by the investigators. Defense counsel objected to admission of the bags purchased by Babcock because Babcock's testimony did not establish the chain of custody. Initially, this objection was sustained. Subsequently, the prosecutor moved to reconsider, and the court allowed the State to recall Officer Patterson to establish the chain of custody. After additional testimony of Patterson outside the presence of the jury, the court indicated it would admit the exhibit. Substantially the same testimony was given in the jury's presence. Defense counsel's objection to the recall of the witness was overruled.

After Patterson's testimony, two other state's witnesses testified to the chain of custody and identified the substance. The defense counsel's motion to dismiss at the end of the state's case was denied. Mr. McGinley testified that

he did not hand any marijuana to the investigators, but rather placed it on the table. He was watching TV at the time and didn't pay much attention to what was going on.

McGinley's counsel on appeal, who was not his trial counsel, first contends his client was incompetently represented at trial because trial counsel failed to call the Nolop brothers to testify and failed to object to the giving of certain instructions and the failure to give other instructions.

■ Court–appointed counsel, representing an indigent defendant, is strongly presumed to be competent; this presumption will be overcome only by a clear showing of incompetence derived from the record as a whole. *State v. Piche,* 71 Wn.2d 583, 430 P.2d 522 (1967); *State v. Hess,* 12 Wn. App. 787, 532 P.2d 1173, *aff'd,* 86 Wn.2d 51, 541 P.2d 1222 (1975).

■ As to the first allegation, the decision of trial counsel not to subpoena a witness to testify is generally deemed a matter of legitimate trial tactics. *State v. Thomas,* 71 Wn.2d 470, 429 P.2d 231 (1967); *State v. Floyd,* 11 Wn. App. 1, 521 P.2d 1187 (1974). We do not have before us any reason for defense counsel's failure to call the Nolop brothers, nor do we have anything to substantiate defendant's claim that the witnesses' testimony would have benefited him. On this record, we must presume the failure to call the Nolop brothers was an exercise of legitimate trial tactics.

As to the instruction allegation, it is contended that trial counsel's failure to object to instructions Nos. 6 and 8 evidenced incompetence. Instruction No. 6 merely states it is unlawful for any person to deliver a controlled substance, and defines delivery. This instruction is an accurate statement of the law of this state. *See State v. Sherman,* 15 Wn. App. 168, 547 P.2d 1234 (1976); RCW 69.50.401(a); RCW 69.50.101(f). Instruction No. 8 is the elements instruction and merely states the law contained in RCW 69.50.401(a). It is substantially the same as defendant's proposed instructions D and L. Instruction No. 8 was properly given.

Additionally, it is argued that trial counsel's failure to except to the trial court's failure to give defendant's proposed instructions F and G evidenced incompetence since these instructions were necessary to defendant's theory of the case. Instruction F covered substantially the same material which was submitted to the jury in instructions Nos. 6 and 8. Instruction G stated that if the defendant sold only leaves and flowering tops of marijuana to the investigators, then he must be acquitted. As discussed below, this instruction misstated the law and was properly rejected. Moreover, defense counsel preserved his right of appeal on this issue by a motion for a new trial.

After reviewing the entire record, it is clear Mr. McGinley was given effective representation. His theory of the case was presented to the jury, and his counsel thoroughly cross–examined the witnesses against him. The contention that he was incompetently represented at trial is without merit.

■ The second issue involves Mr. McGinley's contention that the trial court committed prejudicial error by allowing the recall of Investigator Patterson to establish the chain of custody. Patterson was recalled before the close of the state's case. This is a matter within the sound discretion of the trial court, and the trial court only commits error in this regard if it manifestly abuses that discretion. *See Tsubota v. Gunkel,* 58 Wn.2d 586, 364 P.2d 549 (1961); *Fuller v. Ostruske,* 48 Wn.2d 802, 296 P.2d 996 (1956). Mr. McGinley has failed to show a manifest abuse of discretion.

■ The third issue is whether the trial court erred in admitting into evidence the bag of marijuana sold to Investigator Babcock in the absence of Babcock's testimony to establish the chain of custody. The testimony of each custodian is unnecessary where one with firsthand knowledge testifies that the exhibit is the identical object about which testimony is given, and it is in the same condition as it was at the relevant time. *State v. Curry,* 14 Wn. App. 775, 545 P.2d 1214 (1976); 5 R. Meisenholder, Wash. Prac. § 38, at 77 (1965). It is not necessary to negate every possibility of

tampering with the exhibits by using identifying marks or tracing custody by means of the testimony of each custodian. *State v. Russell,* 70 Wn.2d 552, 424 P.2d 639 (1967). Failure to positively identify physical evidence goes only to its weight and not to its admissibility. *State v. Music,* 79 Wn.2d 699, 489 P.2d 159 (1971), *vacated on other grounds,* 408 U.S. 940, .33 L. Ed. 2d 764, 92 S. Ct. 2877 (1972); *State v. Tollett,* 12 Wn. App. 134, 528 P.2d 497 (1974).

Admittedly, this case is somewhat unusual since the initial custodian was not called. However, Investigator Patterson stated he observed Babcock take the marijuana, place it under his shirt where it bulged out, and remove the bag from his shirt. This is a sufficient showing to admit the evidence. Moreover, McGinley's only defense was that he did not actually transfer the marijuana. He does not challenge the identity of the substance.

Finally, Mr. McGinley contends under RCW 69.50.410[1] it is lawful to sell and deliver the leaves and flowering tops of marijuana, consequently the charge should be dismissed. Alternatively, he argues if RCW 69.50.401[2] makes delivery of marijuana unlawful, it is unconstitutional because it gives the prosecutor discretion to choose between penalties. Furthermore, the combination of RCW 69.50.401 and RCW 69.50.410 does not give fair notice that the sale of marijuana is unlawful. We disagree.

Marijuana is a controlled substance under RCW 69.50.204(d)(10). It is unlawful under RCW 69.50.401 to deliver a controlled substance. Delivery is defined in RCW 69.50.101(f) as the actual, constructive, or attempted transfer from one person to another of a controlled substance.

---

[1]RCW 69.50.410.

"(1) Except as authorized by this chapter it shall be unlawful for any person to sell for profit any controlled substance or counterfeit substance classified in Schedule I, RCW 69.50.204, except leaves and flowering tops of marihuana."

[2]RCW 69.50.401.

"(a) Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance."

*State v. Sherman, supra.* Since delivery is a broader category than sale, the sale of marijuana is naturally subject to RCW 69.50.401.

McGinley, however, relies on the following language in RCW 69.50.410(1) as the basis for his contentions:

> (1) Except as authorized by this chapter it shall be unlawful for any person to sell for profit any controlled substance or counterfeit substance classified in Schedule I, RCW 69.50.204, except leaves and flowering tops of marihuana.

RCW 69.50.410 establishes mandatory prison sentences for persons convicted of selling certain drugs. The sole purpose of the above–quoted language is to except the sale of marijuana from these harsh mandatory sentencing provisions. *See* House Journal 43d Legislature (1973), at 1742–43. RCW 69.50.410 expressly provides it is not applicable to offenses defined and punished under RCW 69.50.401. Similarly, RCW 69.50.401 expressly provides it is inapplicable to offenses defined and punished under RCW 69.50.410. Since the sale of marijuana is punished only under RCW 69.50-.401, the prosecutor is not given discretion to choose between penalties. Furthermore, RCW 69.50.401 gives a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practice. *Cf. State v. Dougall,* 89 Wn.2d 118, 570 P.2d 135 (1977); *State v. Carter,* 89 Wn.2d 236, 570 P.2d 1218 (1977).

Judgment affirmed.

GREEN and McINTURFF, JJ., concur.