294 S.E.2d 122

**Howard L. ARMSTEAD**

v.

**Jerry DALE, Supt., Huttonsville Correctional Center.**

**No. 15466.**

Supreme Court of Appeals of West Virginia.

July 1, 1982.

---

G. Patrick Stanton, Jr., Fairmont, for petitioner.

Chauncey H. Browning, Jr., Atty. Gen., and Richard S. Glaser, Jr., Asst. Atty. Gen., Charleston, for respondent.

HARSHBARGER, Justice:

On February 27, 1979, Howard Armstead, who had pled guilty to embezzlement in Marion County Circuit Court, was placed on three years probation with these conditions:

That probationer shall not, during the period of probation, violate any laws of this State, or any other State, or the United States.

That probationer shall comply with the rules and regulations of the Department of Correction; and that he shall report to his probation officer at the times and places indicated by said officer.

That probationer shall not leave the State of West Virginia without the written consent of the Court.

That probationer shall pay the costs of this prosecution as taxed by the Clerk of this Court in the amount of sixty dollars ($60.00) within one (1) year of the date of this Order.

That probationer shall make restitution of the monies embezzled and more particularly set forth in the first count of the indictment in this case in the amount of two hundred seventy-one dollars

($271.00) within one (1) year from the date of this Order.

■ That probationer shall make payment to the State of West Virginia and/or Commission of Marion County such sums of money which may have been expended for the return of the defendant from the State of Florida to this jurisdiction, for prosecution of the charges set forth in the indictment in this case, in the amount of seven hundred fifty-six dollars and fifty-four cents ($756.54), within one (1) year of this Order.

■ That the probationer shall reimburse the State of West Virginia for such sums paid to his Court appointed attorney in the amount of eight hundred eighty dollars ($880.00) and also such sums which were expended in defense in this case in the amount of three hundred thirty-four dollars and five cents ($334.05) payable within one (1) year from the date of this Order.

In the spring of 1981 his probation officer filed a petition to revoke probation because Armstead had not paid those costs. Armstead testified at his June 5, 1981 revocation hearing that his net income during 1979 and 1980 was not sufficient to require him to file federal or state income tax returns, and the State's evidence was that he reported income of $5,010.00 from June 5, 1979 until September 10, 1980. Armstead, who was self-employed as a builder, claimed that figure was his gross income and did not reflect any costs of materials he purchased. Presuming that it was net income, Armstead still had only $334.00 per month to support himself, his wife and child.

Nonetheless, the court revoked his probation, concluding: "Particularly, the record in this case would not indicate that he did not have the money." His sentence was reinstated and he was sent to Huttonsville Correctional Center.

Armstead's habeas corpus petition claimed his constitutional rights were violated by imprisonment for indigency, a status that prevented him from paying court costs and attorneys' fees required by his probation agreement. W.Va.Code, 62–12–9, sets conditions of probation:

Release on probation shall be upon the following conditions:

(1) That the probationer shall not, during the term of his probation, violate any criminal law of this or any other state, or of the United States.

(2) That he shall not, during the term of his probation, leave the State without the consent of the court which placed him on probation.

(3) That he shall comply with the rules and regulations prescribed by the court or by the board of probation and parole, as the case may be, for his supervision by the probation officer.

In addition, the court may impose, subject to modification at any time, any other conditions which it may deem advisable, including but not limited to any of the following:

(1) That he shall make restitution or reparation, in whole or in part, immediately or within the period of probation, to any party injured by the crime for which he has been convicted.

(2) *That he shall pay any fine assessed and the costs of the proceeding in such installments as the court may direct.*

(3) That he shall make contributions from his earnings, in such sums as the court may direct, for the support of his dependents. Code, 62–12–9 (emphasis added).

Our criminal costs statute, W.Va.Code, 62–5–1, *et seq.*, requires a court to certify "[a]ny other expense [than for sheriffs] incident to a proceeding in a criminal case, which is payable out of the [State] Treasury," on vouchers sent to the Auditor for payment. Code, 62–5–5. Code, 62–5–7, provides that all expenses incident to a prosecution are chargeable to a convicted defendant as a civil judgment and execution may be had as for a fine.

Former Code, 51–11–3, provided for payment for attorneys, investigative and other services for needy persons detained by law enforcement officers or charged with seri-

ous crime.[1] These costs were to be paid from a state fund per Code, 51–11–8. Our laws also covered recovery of amounts advanced to indigents who subsequently were able to pay without undue hardship, Code, 51–11–7.

This statutory scheme required convicted criminals to pay costs of their prosecution and defense, already paid from state funds, if they were able to do so without undue hardship. Code, 62–5–7 and 51–11–7. When the Legislature repealed Article 11 of Chapter 51 in 1981, it included this repayment concept in the new Public Defender Law:

> (d) Subject to such rules as the supreme court of appeals shall promulgate, the circuit court shall have plenary power in every case in which services are rendered to an indigent person, whether or not services are thereafter denied under this section, to make such order for the repayment of costs and compensation for services granted to such person, either as condition of probation or otherwise, as the court may determine to be reasonable given the financial circumstances of the affiant. W.Va.Code, 29–21–17(d).

And so, trial courts have statutory authority to order repayment of costs and attorneys fees from solvent defendants, and they may make repayment a condition of probation.[2]

Armstead claimed that repayment is an unconstitutional probation condition for indigents. In 1974 the United States Supreme Court upheld an Oregon statute that permitted recoupment of costs as a probation condition in *Fuller v. Oregon*, 417 U.S. 40, 94 S.Ct. 2116, 40 L.Ed.2d 642 (1974). Fuller contended that requiring an indigent

to reimburse a state for legal services "chilled" his right to counsel. This argument was dismissed as "wide of the constitutional mark." *Id.*, 417 U.S., at 52, 94 S.Ct. at 2124. We agree that no indigent is prevented by our probation statute or Code, 51–11–7 from his right to state-appointed counsel. Oregon's statute passed equal protection examination because all protective exemptions for civil debtors were allowed to probationers.[3] Our statute also permits these exemptions.

We read our probation and repayment statutes to meet all the *Fuller* criteria. Repayment of costs is a discretionary, not mandatory, condition that a "court may impose, subject to modification at any time," Code, 62–12–9. A court may determine the amount and repayment schedule. Code, 62–12–9(2).

We have previously required that discretionary probation conditions be reasonable. Syllabus Point 6, *Louk v. Haynes*, 159 W.Va. 482, 223 S.E.2d 780 (1976). *Cf. State v. M.D.J.*, 169 W.Va. 568, 289 S.E.2d 191 (1982) (restitution must be reasonable in juvenile proceedings). A repayment condition is unreasonable if it is beyond probationer's ability to pay without causing undue hardship to himself or his family. *See State v. Cooper*, 167 W.Va. 322, 280 S.E.2d 95, 100 (1981), Footnote 6. This accords with Code, 51–11–7, which only permitted a court to order repayment of counsel and other fees if "a person is financially able to pay ... without undue hardship." [4]

Therefore, we find that a probation condition requiring repayment of costs and attorneys fees is constitutional if it is tuned to the probationer's ability to pay without undue hardship and is subject to modification if his indigency persists or

---

1. W.Va.Code, 51–11–1, *et seq.*, was repealed in 1981 and replaced with Code, 29–21–1, *et seq.*

2. A few courts have denied trial courts authority to require repayment of attorney fees under their statutory schemes. *State v. Hess*, 12 Wash. App. 787, 532 P.2d 1173, *affirmed*, 86 Wash.2d 51, 541 P.2d 1222 (1975); *Haynes v. State*, 26 Md.App. 43, 337 A.2d 130 (1975); *United States v. Jimenez*, 600 F.2d 1172 (5th Cir. 1979), *cert. denied*, 444 U.S. 903, 100 S.Ct. 216, 62 L.Ed.2d 140.

3. Disallowance of protective exemptions for probation repayments invalidated a similar Kansas statute two years earlier in *James v. Strange*, 407 U.S. 128, 92 S.Ct. 2027, 32 L.Ed.2d 600 (1972).

4. Code, 29–21–17(d), *supra*, has a similar "ability to pay" provision.

reoccurs. Probation may not be revoked unless his failure to pay is contumacious. Most other jurisdictions agree with us. *United States v. Santarpio*, 560 F.2d 448 (1977), *cert. denied*, 434 U.S. 984, 98 S.Ct. 609, 54 L.Ed.2d 478; *State v. Miller*, 111 Ariz. 558, 535 P.2d 15 (1975) (en banc); *Robbins v. State*, 318 So.2d 472 (Fla.Dist. Ct.App.1975); *Gryca v. State*, 315 So.2d 221 (Fla.Dist.Ct.App.1975); *State v. Middaugh*, 12 Or.App. 589, 507 P.2d 42 (1973); *White Eagle v. State*, S.D., 280 N.W.2d 659 (1979); *Basaldua v. State*, 558 S.W.2d 2 (Tex.Crim.App.1977); *State v. Barklind*, 87 Wash.2d 814, 557 P.2d 314 (1976); *State v. Gerard*, 57 Wis.2d 611, 205 N.W.2d 374 (1973). *See* Annot., Validity of Requirement That, As Condition of Probation, Indigent Defendant Reimburse Defense Costs, 79 A.L.R.3d 1025 (1977 and Supp.); Annot., Ability to Pay As Necessary Consideration In Conditioning Probation or Suspended Sentence Upon Reparation or Restitution, 73 A.L.R.3d 1240; 21 Am.Jur.2d, Criminal Law, § 572; 24 C.J.S. Criminal Law, § 1571(8).

We discussed undue hardship for debtors in *Cottrell v. Public Finance Corp.*, W.Va., 256 S.E.2d 575 (1979). *Cottrell* defined undue hardship within Code, 46A–2–130(3), but we believe that its analysis is apropos a trial court's determining whether a probationer can pay assessed costs without undue hardship.

The scant evidence in this case does not justify revocation of Armstead's probation. There was no proof of wilful refusal to comply with the court's order, that he was contumacious. A trial court seeking to revoke probation for failure to pay assessed costs or restitution must make findings of fact that indicate defendant's ability to pay, weighing available assets, income, attempts to find work, and reasonable family expenses.

Writ granted.