# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

**January 17, 2014**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs) No. 13-0419** (Morgan County 10-F-42)

**Shawn E. Hann,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Shawn Hann, by counsel Shawn McDermott, appeals the Circuit Court of Morgan County's March 4, 2013, order revoking his probation and re-imposing his sentence of incarceration of one to five years for possession with intent to deliver marijuana and one to fifteen years for possession with intent to deliver Percocet. The State, by counsel Laura Young, filed a response, to which petitioner filed a reply. On appeal, petitioner alleges that the circuit court erred in finding that he violated the terms of his probation by a clear preponderance of evidence and that he received ineffective assistance of counsel during the probation revocation hearing.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

On April 13, 2010, petitioner was indicted by the Morgan County Grand Jury on one count of attempted delivery of marijuana, one count of possession with the intent to deliver marijuana, one count of possession with the intent to deliver Suboxone, one count of possession with the intent to deliver Percocet, one count of possession with the intent to deliver lorazepam, one count of possession with the intent to deliver hydrocodone, and one count of possession with the intent to deliver Opana. After negotiations, petitioner pled guilty to one count of possession with the intent to deliver marijuana and one count of possession with the intent to deliver Percocet in violation of West Virginia Code § 60A-4-401(a). On November 16, 2010, petitioner was sentenced to a term of incarceration of one to five years for possession with the intent to deliver marijuana and a consecutive term of incarceration of one to fifteen years for possession with intent to deliver Percocet. The circuit court then suspended the sentence and placed petitioner on probation for a period of five years.

On January 28, 2013, petitioner was arrested and charged in Berkley County with one count of possession with intent to deliver Xanax, one count of improper vehicle registration, one count of no proof of automobile insurance, one count of receiving/transferring stolen property,

1

and possession of thirty Xanax pills which were not prescribed to him. Shortly after his arrest, petitioner's probation officer filed a petition for revocation of probation based upon his arrest, and further alleged that petitioner had failed to pay his probation supervision fees for twenty-three months. The circuit court held a probation revocation hearing on March 4, 2013. At the conclusion of the hearing, the circuit court ruled that petitioner admitted to the allegations in the petition and revoked petitioner's probation. The circuit court re-imposed the original sentence with credit for time served. It is from this order that petitioner appeals.

On appeal, petitioner argues that the circuit court erred in finding that the State proved that he violated his probation by a clear preponderance of the evidence. Petitioner also argues that he received ineffective assistance of counsel during his probation revocation hearing.

As an initial matter, we decline to rule upon petitioner's ineffective assistance of counsel claims in this direct appeal of the revocation order. We said in Syllabus Point 10 of *State v. Triplett*, 187 W.Va. 760, 421 S.E.2d 511 (1992), as follows:

> It is the extremely rare case when this Court will find ineffective assistance of counsel when such a charge is raised as an assignment of error on a direct appeal. The prudent defense counsel first develops the record regarding ineffective assistance of counsel in a habeas corpus proceeding before the lower court, and may then appeal if such relief is denied. This Court may then have a fully developed record on this issue upon which to more thoroughly review an ineffective assistance of counsel claim.

*See State v. Smith*, 226 W.Va. 487, 493 n.6, 702 S.E.2d 619, 625 n.6 (2010) ("Because we do not address the defendant's proportionality arguments on the merits--other than concluding that it is not properly raised on direct appeal--the defendant is not barred from raising that issue in a petition for writ of *habeas corpus ad subjiciendum*.").[1] The record in this case is insufficient to address the merits of an ineffective assistance of counsel claim.

The only issue, then, is petitioner's challenge to the circuit court's finding that petitioner violated his probation. Specifically, petitioner argues the circuit court failed to find by a clear preponderance of the evidence that his arrest violated the laws of West Virginia. *See* Syl. Pt. 4, *Sigman v. Whyte*, 165 W.Va. 356, 268 S.E.2d 603 (1980) ("Where a probation violation is contested, the State must establish the violation by a clear preponderance of the evidence.").

---

[1]We note that West Virginia Code § 53-4A-1(a) (1967) provides, in part:

> Any person convicted of a crime and incarcerated under sentence of imprisonment therefor who contends that there was such a denial or infringement of his rights as to render the conviction or sentence void under the Constitution of the United States or the constitution of this State, or both . . . may, without paying a filing fee, file a petition for a writ of habeas corpus . . . .

Petitioner argues that merely being arrested is insufficient evidence to prove that he violated the terms of his probation because an arrest only requires a finding of probable cause, while a probation violation must be proven by a higher burden of proof, a clear preponderance of the evidence

As this Court has previously stated:

> "When reviewing the findings of fact and conclusions of law of a circuit court sentencing a defendant following a revocation of probation, we apply a three-pronged standard of review. We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syllabus Point 1, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

Syl. Pt. 1, *State v. Inscore*, 219 W.Va. 443, 634 S.E.2d 389 (2006).

Upon our review, the Court finds no abuse of discretion in the circuit court's decision to revoke petitioner's probation. West Virginia Code § 62-12-10 (1955) states in part, "[i]f it shall then appear to the satisfaction of the court or judge that any condition of probation has been violated, the court or judge may revoke the suspension of imposition or execution of sentence, impose sentence if none has been imposed, and order that sentence be executed." The terms and conditions of petitioner's probation clearly state that "[petitioner] shall not violate any laws of this state, any other state, any municipality or the United States." Here, it is undisputed that petitioner acknowledged the factual allegations in the State's motion to revoke his probation. We disagree with petitioner's argument that the State did not prove that he violated his probation by a clear preponderance of the evidence. Petitioner testified that "the charges [were] dropped to a simple possession I pled to in Berkeley County." Petitioner's admission to "simple possession" is a violation of this State's laws. Pursuant to West Virginia Code § 60A-4-401 possession of a controlled substance is a misdemeanor punishable by incarceration of ninety-day to six months in jail. West Virginia Code § 62-12-10 (1955) clearly authorizes revocation of probation under these circumstances.[2] Therefore, this Court declines to find that the circuit court abused its discretion in revoking petitioner's probation.

---

[2]Petitioner also argues that the circuit court erred in finding that he willfully failed to pay his supervision fees. As a term of his probation, petitioner was also required to pay a monthly probation and community corrections fee. Petitioner points out that "[p]robation may not be revoked for failure to pay . . . costs . . . unless [] [petitioner's] failure is contumacious." Syl. Pt. 2, in part, *Armstead v. Dale*, 170 W.Va. 319, 294 S.E.2d 122 (1982). The record is devoid of any testimony that indicates that petitioner's failure to pay these fees prior to the revocation hearing was contumacious and prior to the revocation hearing, petitioner paid all of his outstanding supervision fees. However, it is unnecessary for us to consider the fees issue. "Where probation is revoked on one valid charge, the fact that other charges may be invalid will not preclude upholding the revocation." Syl. Pt. 3, *State v. Ketchum*, 169 W.Va. 9, 289 S.E.2d 657 (1981).

Petitioner's argument includes his assertion that he was subject to only a sixty-day term of incarceration pursuant to West Virginia Code § 62-12-10. After petitioner's probation was revoked, West Virginia Code § 62-12-10 was amended so that first- and second-time probation violators would serve short periods of incarceration for violations of the conditions of probation, rather than immediate revocation of the suspended sentence. Pursuant to the amended statute, revocation and imposition of the original sentence is to occur only upon a third violation. *See* W.Va. Code § 62-12-10(a)(2). "The presumption is that a statute is intended to operate prospectively, and not retrospectively, unless it appears, by clear, strong and imperative words or by necessary implication, that the Legislature intended to give the statute retroactive force and effect." Syl. Pt. 4, *Taylor v. State Compensation Com'r*, 140 W.Va. 572, 86 S.E.2d 114 (1955). A plain reading of this statue clearly shows that the Legislature did not include the necessary language for the statute to apply retrospectively. As such, West Virginia Code § 62-12-10 was intended to operate prospectively. Thus, we find no merit in petitioner's suggestion that he should have been confined for the period set forth in the amended statute.

For the foregoing reasons, the circuit court's March 4, 2013, "Order" is hereby affirmed.

Affirmed.

**ISSUED**:   January 17, 2014

**CONCURRED IN BY**:

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

This Court does not find reversible error in the circuit court's determination to revoke petitioner's probation.