# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs)  No. 16-1034** (Berkeley County 13-F-200)

**William B. Pierce Jr.,**
**Defendant Below, Petitioner**

**FILED**

**October 23, 2017**
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William B. Pierce Jr., by counsel James P. Riley IV, appeals the Circuit Court of Berkeley County's October 4, 2016, order revoking his probation. Respondent State of West Virginia, by counsel Robert L. Hogan, filed a response. On appeal, petitioner argues that the circuit court erred in failing to consider an alternative to revocation prior to revoking his probation and in partially relying on his failure to pay restitution, even though petitioner is physically unable to work.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

On January 5, 2015, petitioner was convicted of grand larceny and sentenced to an indeterminate term of not less than one nor more than ten years in the penitentiary. The circuit court suspended petitioner's sentence and placed him on probation for five years. On August 7, 2015, petitioner was cited for possession of marijuana. Petitioner pled no contest to this charge, was convicted, and assessed a fine and court costs. The fine and court costs were to be paid by March 1, 2016; however, petitioner failed to pay the fine and court costs.

On May 27, 2016, petitioner submitted to a drug screen and tested positive for opiates, specifically, oxymorphone. On June 9, 2016, petitioner again submitted to a drug screen and tested positive for marijuana. One month later, on July 11, 2016, petitioner was arrested on an outstanding warrant for petit larceny. Petitioner's probation officer thereafter filed a petition to revoke his probation and cited the above transgressions in support of revocation.[1]

---

[1]The terms of petitioner's probation included, among other things, that he "not violate any law of this state, any other state, any municipality, or of the United States[,]" and that he "not use, consume, purchase, possess, or distribute any narcotics, marijuana, or other controlled substance, unless prescribed for him or her by a physician."

1

On September 26, 2016, the circuit court held a hearing on the petition to revoke. At this hearing, petitioner admitted to the possession of marijuana citation and petit larceny charge. He denied the other allegations in the petition to revoke his probation. The circuit court considered evidence that petitioner may have had a prescription for opiates that resulted in the positive opiate screen and was "willing to accept that he's got a prescription for some opiate medications." The circuit court did find the positive marijuana drug screen to be a ground for revocation, however, despite petitioner's assertion that he had not consumed marijuana. Thus, "based upon the admitted revocation, which is the petit larceny, and the found revocation, which is the marijuana use" and the fact that petitioner was not amenable to probationary supervision, the circuit court revoked petitioner's probation and imposed his underlying sentence. On October 4, 2016, the circuit court entered its "Order Revoking Probation and Committing Defendant to the Custody of the Division of Corrections," which memorialized the court's ruling from the September 26, 2016, hearing. It is from this order that petitioner appeals.

On appeal, petitioner argues that the circuit court erred in not considering alternatives to revocation prior to revoking his probation. Petitioner argues that alternatives to revocations should have been considered due to the non-violent nature of both his initial crime and his probation violations and the fact that he admitted to his mistakes. He, therefore, argues that an alternative to revocation should have been considered under West Virginia Code § 62-12-10(c), which provides that

> [i]f, despite a violation of the conditions of probation, the court or judge is of the opinion that the interests of justice do not require that the probationer serve his or her sentence or a period of confinement, the judge may, except when the violation was the commission of a felony, again release him or her on probation[.]

We apply a three-pronged standard of review in reviewing probation revocation decisions: "We review the decision on the probation revocation motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review." Syl. Pt. 1, in part, *State v. Duke*, 200 W.Va. 356, 489 S.E.2d 738 (1997).

We find that the circuit court did not abuse its discretion in revoking petitioner's probation. The circuit court had the authority to revoke petitioner's probation:

> If the court or judge finds reasonable cause exists to believe that the probationer:
>
> (A) Absconded supervision;
>
> (B) Engaged in new criminal conduct other than a minor traffic violation or simple possession of a controlled substance; or
>
> (C) Violated a special condition of probation designed either to protect the public or a victim; the court or judge may revoke the suspension of imposition or

2

> execution of sentence, impose sentence if none has been imposed and order that sentence be executed.

W.Va. Code § 62-12-10(a)(1). Further, it is well-established that "[p]robation is a matter of grace and not a matter of right." Syl. Pt. 1, *State v. Rose*, 156 W.Va. 342, 192 S.E.2d 884 (1972). Here, petitioner was charged with and admitted to petit larceny. He was also found to have consumed marijuana. The circuit court, after hearing testimony from petitioner, noted that it was not "hearing a person who's contrite or willing to undertake the grace which probation is, and you've got to be amenable to probationary supervision to get that benefit." Thus, the circuit court did not err in revoking petitioner's probation.

Petitioner's final argument is that the circuit court erred in partially basing the decision to revoke his probation on his failure to pay restitution. Petitioner contends that the following statement at the revocation hearing evidences the court's reliance on his failure to pay restitution as a basis for his probation revocation:

> And he stands here today convicted of a grand larceny and was given probation all in one fell swoop in one hearing. And that's a chance. And, you know, they didn't jump on a revocation. He had this petit larceny here for a – it's a little over a year old. And I don't think anybody is particularly eager. I think probation is grace. You've got to work with the probation officer. And if they tell you that you've got to go out there and find work and, you know – now that he's incarcerated, apparently there are opportunities. But where was that two or three months ago?

"Probation may not be revoked for failure to pay restitution, costs and attorneys fees unless the probationer's failure is contumacious." Syl. Pt. 2, *Armstead v. Dale*, 170 W.Va. 319, 249 S.E.2d 122 (1982). The circuit court's remarks do not establish that it revoked petitioner's probation for his failure to pay restitution. Rather, the basis for the revocation was set forth in the circuit court's October 4, 2016, order, which stated that "[a]fter consideration of the testimony and exhibits, the [c]ourt finds by a clear preponderance of evidence that the defendant violated his probation by committing the crime of [p]etit [l]arceny while on probation as listed in paragraph A1 and by consuming marijuana as listed in paragraph B2." *See Legg v. Felinton*, 219 W.Va. 478, 483, 637 S.E.2d 576, 581 (2006) ("It is a paramount principle of jurisprudence that a court speaks only through its orders.") Thus, it is clear the circuit court did not rely on petitioner's failure to pay restitution in revoking his probation, and we, therefore, find no abuse of discretion in the court's revocation of petitioner's probation.

For the foregoing reasons, we affirm the circuit court's October 4, 2016, order revoking petitioner's probation.

Affirmed.

**ISSUED:** October 23, 2017

3

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker