IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 30786-7-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID MICHAEL LUST, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

BROWN, J. — David Michael Lust appeals his six second degree theft convictions. He contends the trial court violated double jeopardy principles by (1) convicting him based on his guilty plea of third degree theft for stealing a purse, and (2) convicting him following a bench trial of second degree thefts for stealing six credit and debit cards contained in the purse. We disagree, and affirm.

## FACTS

In October 2011, Mr. Lust took a tavern patron's purse without her permission and removed six credit and debit cards from a wallet inside. For stealing the purse, the State charged him under RCW 9A.56.050(1)(a) with one count of third degree theft of property valued under $750. For stealing the credit and debit cards, the State charged him under former RCW 9A.56.040(1)(c) (2009) with six counts of second degree theft of

an access device. He pleaded guilty to the third degree theft at arraignment and the

trial court found him guilty of the second degree thefts at a bench trial. He appealed.

ANALYSIS

The issue is whether, considering the above facts, Mr. Lust's second degree theft

convictions violate double jeopardy principles.[1] He contends the third degree theft and

second degree thefts are legally and factually identical because access devices are

generic property and proving he stole the purse necessarily proves he stole the credit

and debit cards inside. We review alleged double jeopardy violations de novo. *State v.*

*Jackman*, 156 Wn.2d 736, 746, 132 P.3d 136 (2006).

The federal double jeopardy clause provides, "No person shall . . . be subject for

the same offense to be twice put in jeopardy of life or limb . . . ." U.S. CONST. amend.

V.[2] This provision bars "multiple punishments for the same offense," *North Carolina v.*

*Pearce*, 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969), *overruled on other*

*grounds by Alabama v. Smith*, 490 U.S. 794, 109 S. Ct. 2201, 104 L. Ed. 2d 865 (1989),

absent contrary "clearly expressed legislative intent," *Missouri v. Hunter*, 459 U.S. 359,

368, 103 S. Ct. 673, 74 L. Ed. 2d 535 (1983) (clarifying *Whalen v. United States*, 445

U.S. 684, 100 S. Ct. 1432, 63 L. Ed. 2d 715 (1980); *Albernaz v. United States*, 450 U.S.

333, 101 S. Ct. 1137, 67 L. Ed. 2d 275 (1981)).

---

[1] Considering our holding, we do not address the appropriate remedy for a double jeopardy violation under these facts.

[2] The state double jeopardy clause provides, "No person shall . . . be twice put in jeopardy for the same offense." CONST. art. I, § 9. We interpret the state provision the same as the federal provision because they "are identical in thought, substance, and purpose." *State v. Schoel*, 54 Wn.2d 388, 391, 341 P.2d 481 (1959).

The trial court convicted Mr. Lust of one act violating two statutes.[3] *See* former RCW 9A.56.040(1)(c); RCW 9A.56.050(1)(a). The statutes do not expressly authorize multiple punishments for one act. *See* former RCW 9A.56.040(1)(c); RCW 9A.56.050(1)(a); *State v. Calle*, 125 Wn.2d 769, 776-77, 888 P.2d 155 (1995) (citing *Whalen*, 445 U.S. at 688-89; *Albernaz*, 450 U.S. at 336-37). Conversely, the statutes contain no indicia of legislative intent to preclude multiple punishments for one act. *See* former RCW 9A.56.040(1)(c); RCW 9A.56.050(1)(a); *State v. Baldwin*, 150 Wn.2d 448, 455-56, 78 P.3d 1005 (2003) (citing *Calle*, 125 Wn.2d at 778-80). Therefore, we must apply the "same evidence" rule of statutory construction to determine whether the statutes really proscribe the same offense. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932).

The same evidence rule considers "whether each provision requires proof of a fact which the other does not." *Id.* Offenses are the same if they are "identical both in fact and in law." *State v. Reiff*, 14 Wash. 664, 667, 45 P. 318 (1896); *see State v. Roybal*, 82 Wn.2d 577, 581, 512 P.2d 718 (1973). But they are different "[i]f there is an element in each offense which is not included in the other, and proof of one offense would not necessarily also prove the other." *State v. Vladovic*, 99 Wn.2d 413, 423, 662 P.2d 853 (1983) (citing *Roybal*, 82 Wn.2d at 581). This requires viewing the elements

---

[3] Therefore, we reject the State's request to utilize the "unit of prosecution" test, which applies solely where the trial court convicts a defendant of one act violating one statute multiple times simultaneously. *See State v. Adel*, 136 Wn.2d 629, 633-34, 965 P.2d 1072 (1998) (citing *Bell v. United States*, 349 U.S. 81, 83, 75 S. Ct. 620, 99 L. Ed. 905 (1955)).

3

"as charged and proved," not abstractly. *State v. Freeman*, 153 Wn.2d 765, 777, 108 P.3d 753 (2005).

A person commits theft if he or she "wrongfully obtain[s] or exert[s] unauthorized control over the property . . . of another . . . with intent to deprive him or her of such property." RCW 9A.56.020(1)(a); *accord* Clerk's Papers (CP) at 23, 55-58, 70. Third degree theft applies if a person "commits theft of property . . . which . . . does not exceed seven hundred fifty dollars in value." RCW 9A.56.050(1)(a); *accord* CP at 23, 56. Value is "the market value of the property . . . at the time and in the approximate area of the criminal act." RCW 9A.56.010(21)(a). Second degree theft applies if a person "commits theft of . . . [a]n access device." Former RCW 9A.56.040(1)(c); *accord* CP at 55-58, 70. An access device is "any card, plate, code, account number, or other means of account access that can be used . . . to obtain money, goods, services, or anything else of value." RCW 9A.56.010(1).

Here, the theft statute required proof Mr. Lust intended to deprive the tavern patron of the purse when he took it without her permission and he separately intended to deprive her of the credit and debit cards when he removed them from the wallet inside. While the third degree theft statute required proof the purse was valued under $750, the second degree theft statute did not require this valuation for the credit and debit cards. And, while the second degree theft statute required proof the credit and debit cards were access devices, the third degree theft statute did not require this characteristic for the purse. Thus, as charged, each offense contains an element not included in the other and proving one offense does not necessarily prove the other.

4

Theft of property valued under $750 and theft of an access device are neither legally nor factually identical here. It follows that Mr. Lust's convictions for both under RCW 9A.56.050(1)(a) and former RCW 9A.56.040(1)(c) did not violate the double jeopardy prohibition.

In one sentence of his reply brief, Mr. Lust appears to argue for the first time that theft of the credit and debit cards merged with theft of the purse. While we could reject his merger argument because he did not raise it in his opening brief, we consider it to the extent it aids in determining legislative intent and to the extent it is intertwined with the same evidence rule analysis. *See* RAP 10.3(c); *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992) ("An issue raised and argued for the first time in a reply brief is too late to warrant consideration."); *Freeman*, 153 Wn.2d at 772 ("[I]f applicable, the merger doctrine is another aid in determining legislative intent, even when two crimes have formally different elements.").

Mr. Lust relies on *Senelus v. State*, 994 So.2d 493 (Fla. Dist. Ct. App. 2008), which cites *Gorday v. State*, 907 So.2d 640 (Fla. Dist. Ct. App. 2005). The latter case held convictions for both robbery of a purse and theft of the credit cards inside violated a statutorily codified double jeopardy prohibition because the defendant committed each offense "in one swift action" and they were "merely degree variants of the same core offense." *Gorday*, 907 So.2d at 644-45 (applying FLA. STAT. § 775.021(4)(b)(2); *Johnson v. State*, 597 So.2d 798 (Fla. 1992)). But our Supreme Court "has repeatedly rejected the notion that offenses committed during a single transaction are necessarily the same offense." *Vladovic*, 99 Wn.2d at 423 (internal quotation marks omitted).

5

Further, our merger doctrine applies solely where the legislature has clearly indicated the degree of one offense will be elevated if accompanied by conduct constituting a separate offense. *Id.* at 420-21. The degree for theft of property valued under $750 is not elevated if accompanied by a separate theft of an access device. RCW 9A.56.050(1)(a). Similarly, the degree for theft of an access device is not elevated if accompanied by a separate theft of property valued under $750. Former RCW 9A.56.040(1)(c). Mr. Lust's merger argument is unpersuasive.

Given our analysis, we conclude Mr. Lust's second degree theft convictions do not violate the double jeopardy prohibition even though he previously pleaded guilty to third degree theft.

Affirmed.

Brown, J.

WE CONCUR:

Korsmo, C.J.

Kulik, J.

6