# COURT OF APPEALS, DIVISION III, STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31540-1-III |
| | ) | |
| Respondent, | ) | ORDER GRANTING |
| | ) | MOTION FOR |
| v. | ) | RECONSIDERATION AND |
| | ) | WITHDRAWING OPINION |
| JOSEPH DEAN BYRD, | ) | |
| | ) | |
| Appellant. | ) | |

The court has considered appellant's pro se motion for reconsideration and is of the opinion the motion should be granted. Therefore,

IT IS ORDERED the motion for reconsideration of this court's decision of November 25, 2014, is hereby granted.

IT IS FURTHER ORDERED the opinion filed November 25, 2014, is hereby withdrawn and a new opinion will be filed this day.

DATED: March 5, 2015

PANEL: Judges Lawrence-Berrey, Brown, and Korsmo

FOR THE COURT:

LAUREL H. SIDDOWAY
CHIEF JUDGE

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 31540-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOSEPH DEAN BYRD, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, J. — Joseph Dean Byrd appeals the legal financial

obligations (LFOs) imposed by the trial court during sentencing. He contends the trial

court erred by finding he has the ability or likely future ability to pay these obligations. In

a statement of additional grounds for review (SAG), he contends that his convictions for

second degree robbery and third degree theft violate double jeopardy. In a supplemental

SAG, he contends he received multiple punishments for the same crime, trial counsel was

ineffective for failing to request a lesser included jury instruction, and insufficiency of the

evidence. Finding no error, we affirm.

FACTS

A jury found Mr. Byrd guilty of second degree robbery and third degree theft. At sentencing, the trial court imposed the following legal financial obligations requested by the State: $500 victim assessment, $200 criminal filing fee, and $1,500 court appointed attorney recoupment fee. Boilerplate language within the judgment and sentence stated:

> The court has considered the total amount owing, the defendant's present and future ability to pay legal financial obligations, including the defendant's financial resources and the likelihood that the defendant's status will change.

Clerk's Papers (CP) at 24.

At sentencing, neither party made any presentation addressing Mr. Byrd's ability to pay legal financial obligations. Mr. Byrd did not object to the costs imposed or to the boilerplate language in the judgment and sentence related to his ability to pay. The court ordered LFOs as follows:

> The total financial obligation is $2,200. It will bear interest by law from now until it is paid. Mr. Byrd's inmate account will be subject to withdrawals on a percentage basis. After his release he's to make payments as directed by [the Department of Corrections], and after his supervision as directed by the clerk.

Report of Proceedings (Mar. 25, 2013) at 18.

2

Pursuant to Mr. Byrd's request, the court dismissed the third degree theft, finding it had merged into the second degree robbery conviction. The court imposed a 50-month standard range sentence.

## ANALYSIS

For the first time on appeal, Mr. Byrd contends that the trial court erred in finding that he had the ability to pay legal financial obligations without conducting any inquiry into his financial circumstances. Accordingly, he asks us to strike the directive to pay the LFOs.

Whenever a person is convicted in superior court, the court may order the payment of legal financial obligations as part of the sentence. RCW 9.94A.760(1). Courts may impose legal financial obligations if a defendant has or will have the ability to pay. *State v. Baldwin*, 63 Wn. App. 303, 312, 818 P.2d 1116 (1991). Before making such a finding, the trial court must "[take] into account the financial resources of the defendant and the nature of the burden" imposed by the LFOs. *Id.* This court reviews a trial court's determination of an offender's financial resources and ability to pay for clear error. *Id.*

Two of the LFOs at issue here are mandatory. The $500 victim assessment is required by RCW 7.68.035, irrespective of ability to pay. *State v. Curry*, 62 Wn. App. 676, 681, 814 P.2d 1252 (1991), *aff'd*, 118 Wn.2d 911, 829 P.2d 166 (1992). And the

$200 criminal filing fee is required by RCW 36.18.020(2)(h). Because these LFOs are mandatory, they do not require the trial court to consider Mr. Byrd's ability to pay.

The only discretionary LFO was the $1,500 appointed counsel recoupment fee. However, Mr. Byrd did not object at sentencing to the finding of his current or likely future ability to pay. Until our Supreme Court decides otherwise, the rule established that a defendant may not challenge a determination regarding his or her ability to pay LFOs for the first time on appeal. *State v. Blazina*, 174 Wn. App. 906, 911, 301 P.3d 492, *review granted*, 178 Wn.2d 1010, 311 P.3d 27 (2013); *State v. Calvin*, 176 Wn. App. 1, 302 P.3d 509 (2013), *petition for review filed*, No. 89518-0 (Wash. Nov. 12, 2013); *State v. Kuster*, 175 Wn. App. 420, 425, 306 P.3d 1022 (2013). Consistent with these decisions we decline to allow Mr. Byrd to challenge that finding for the first time on appeal. *See also* RAP 2.5(a).

We also agree with the State that the issue is not ripe for review. Mr. Byrd may petition the court at any time for remission or modification of the payments on the basis of manifest hardship. RCW 10.01.160(4); *Baldwin*, 63 Wn. App. at 310-11. The initial imposition of court costs at sentencing is predicated on the determination that the defendant either has or will have the ability to pay. RCW 10.01.160(3). Because this determination is somewhat "speculative," the time to examine a defendant's ability to pay

4

is when the government seeks to collect the obligation. *State v. Smits*, 152 Wn. App. 514, 523-24, 216 P.3d 1097 (2009). Mr. Byrd may challenge the trial court's imposition of LFOs when the government seeks to collect them.

In his pro se statement of additional grounds for review (SAG), Mr. Byrd contends that his judgment and sentence is invalid due to a double jeopardy violation. Specifically, he contends that the convictions for second degree robbery and third degree theft violate double jeopardy and, therefore, the court erred by imposing "57 Months for robbery in the second degree plus 364 days in theft in the third degree." SAG at 5. "We review alleged double jeopardy violations de novo." *State v. Lust*, 174 Wn. App. 887, 890, 300 P.3d 846 (2013).

The state and federal double jeopardy clauses protect a defendant from being punished multiple times for the same offense. *State v. Adel*, 136 Wn.2d 629, 632, 965 P.2d 1072 (1998). "Where a defendant's act supports charges under two criminal statutes, a court weighing a double jeopardy challenge must determine whether, in light of legislative intent, the charged crimes constitute the same offense." *In re Pers. Restraint of Orange*, 152 Wn.2d 795, 815, 100 P.3d 291 (2004).

Mr. Byrd misunderstands his sentence. The trial court dismissed the third degree theft count and imposed a mid-range standard range sentence of 50 months for the second degree robbery conviction. CP at 25. Thus, no double jeopardy issue arises.

Finally, Mr. Byrd raises three additional issues in a pro se supplemental SAG. First, he contends that he improperly received "multiple punishments" for the theft and robbery convictions because they involved the same criminal conduct. Suppl. SAG at 2-3. Our federal and state constitutions prohibit being punished twice for the same crime. U.S. CONST. amend. V; CONST. art. I, § 9; *State v. Freeman*, 153 Wn.2d 765, 770-71, 108 P.3d 753 (2005). Mr. Byrd's argument overlooks the fact that the trial court dismissed his third degree theft conviction at sentencing. The trial court sentenced him solely on the robbery conviction. Thus, his claim fails.

Mr. Byrd next argues that trial counsel was ineffective for failing "to instruct the jury on a lesser included offense, based on multiple charges arising from the same criminal conduct." Suppl. SAG at 5-6. He argues that he was "charged for a crime, that he did not premeditate" and that defense counsel's failure to request a lesser included instruction violated his right to due process. Suppl. SAG at 5.

We review de novo a claim that counsel ineffectively represented the defendant. *State v. Thach*, 126 Wn. App. 297, 319, 106 P.3d 782 (2005). To establish ineffective

6

assistance of counsel, Mr. Byrd must show that (1) his attorney's representation fell below an objective standard of reasonableness, and (2) resulted in prejudice. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Here, we need only address the first prong.

A defendant charged with an offense has an unqualified right to have the jury pass on a lesser included offense if there is "'even the slightest evidence'" that he may have committed only that offense. *State v. Parker*, 102 Wn.2d 161, 163-64, 683 P.2d 189 (1984) (quoting *State v. Young*, 22 Wash. 273, 276-77, 60 P. 650 (1900)). We apply a two-prong test to determine when a lesser included offense instruction must be given. First, each of the elements of the lesser offense must be a necessary element of the greater offense (legal prong) and, second, the evidence must support an inference that *only* the lesser offense was committed (factual prong). *State v. Workman*, 90 Wn.2d 443, 447-48, 584 P.2d 382 (1978).

Our analysis is compromised by Mr. Byrd's failure to identify the crime he believes should have been included in a lesser included instruction. The trial court properly instructed the jury on the elements of third degree theft, a lesser included offense of second degree robbery. This allowed Mr. Byrd to assert his theory that he simply committed theft, not robbery. Mr. Byrd fails to establish that defense counsel's

7

performance was deficient.

Third, Mr. Byrd contends that the State failed "to prove the intent of the crime of Robbery in the Second degree, and Theft in the Third degree." Suppl. SAG at 6. Beyond that general assertion, he fails to cite to the record or point to any specific deficiencies in the evidence. Under RAP 10.10(c), we are not required to review a SAG if it fails to adequately describe the nature and occurrence of any alleged errors.

Nevertheless, to the extent we are able to address his argument, it fails. Theft requires proof that a defendant wrongfully obtained property of another "with intent to deprive him or her of such property or services." RCW 9A.56.020(1)(a). Robbery also includes the nonstatutory element of intent to steal, which our Supreme Court has held is the equivalent of specific intent to deprive the victim of his property. *In re Pers. Restraint of Lavery*, 154 Wn.2d 249, 255-56, 111 P.3d 837 (2005). Here, the record shows that a store security officer watched Mr. Byrd take two cell phones from store shelves and hide them in his sweatshirt pocket. Mr. Byrd then left the store without paying for the merchandise. A jury could reasonably infer that Mr. Byrd intended to deprive the store of its property. Viewed in the light most favorable to the State, the evidence sufficiently establishes the intent to steal.

8

No. 31540-1-III
*State v. Byrd*

We affirm.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Lawrence-Berrey, J.

WE CONCUR:

_____          _____
Brown, A.C.J.                                      Korsmo, J.

9