# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | DIVISION ONE |
| Respondent, | ) | |
| | ) | No. 73113-1-I |
| v. | ) | |
| | ) | |
| JOHN HENRY JOHNSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| | ) | |
| Appellant. | ) | FILED: June 6, 2016 |
| | ) | |

DWYER, J. — Following a jury trial, John Henry Johnson was convicted of second degree theft of an access device. He now appeals, contending that insufficient evidence was adduced at trial to support his conviction. We affirm his conviction, but remand for correction of a scrivener's error in the judgment.

I

On August 22, 2013, Kendra Farmer[1] and her family were shopping at the Pottery Barn store at Alderwood Mall in Lynnwood. Her husband, Ryan, was with one of their children near the front of the store, while Kendra and another child were near a cash register in a different part of the store. Kendra left her purse on a couch near this cash register while she talked with a sales clerk approximately three to five feet away. Her purse contained numerous personal items, including her wallet, personal credit and debit cards, and business credit

---

[1] To avoid confusion, we refer to Kendra and her husband, who share a surname, by their first names.

and debit cards.

The purse had a heavy gauge chain that made a distinct sound when moved. Ryan heard the sound of the purse being picked up and looked toward the source of the sound. He saw Johnson attempting to place the purse in a thin plastic shopping bag while moving toward the front entrance of the store. Ryan approached Johnson and told Johnson that the purse did not belong to him.

Johnson returned the purse to Ryan, then turned and walked through the back of the store, out into the parking lot. Ryan brought the purse back to Kendra, then called 911 and followed Johnson. Ryan pursued Johnson until the police arrived.

Johnson was charged with one count of second degree theft of an access device pursuant to RCW 9A.56.040(1)(d). A jury found him guilty.

II

A.

Johnson contends that insufficient evidence supports the jury's verdict. This is so, he asserts, because the State did not establish that Johnson intended to deprive Kendra of an access device. We disagree.

The due process clauses of the federal and state constitutions require that the State prove every element of a crime beyond a reasonable doubt. U.S. CONST. amend. XIV; WASH. CONST. art. I, § 3; Apprendi v. New Jersey, 530 U.S. 466, 476-77, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be . . . to determine whether the record evidence could reasonably support a finding

- 2 -

of guilt beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 318, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); State v. Green, 94 Wn.2d 216, 221-22, 616 P.2d 628 (1980). A claim of evidentiary insufficiency admits the truth of the State's evidence and all reasonable inferences from that evidence. State v. Kintz, 169 Wn.2d 537, 551, 238 P.3d 470 (2010). Thus, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319.

The specific criminal intent of the accused may be inferred from conduct where it is plainly indicated as a matter of logical probability. State v. Delmarter, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). However, intent may not be inferred from evidence that is patently equivocal. State v. Vasquez, 178 Wn.2d 1, 14, 309 P.3d 318 (2013). Circumstantial evidence and direct evidence can be equally reliable. Delmarter, 94 Wn.2d at 638. We defer to the jury on questions of conflicting testimony, credibility of witnesses, and persuasiveness of the evidence. State v. Killingsworth, 166 Wn. App. 283, 287, 269 P.3d 1064 (2012).

Johnson was charged with second degree theft of an "access device."[2] The pertinent statute provides that "[a] person is guilty of theft in the second degree if he or she commits theft of . . . (d) An access device." RCW 9A.56.040(1)(d). "Theft" means "[t]o wrongfully obtain or exert unauthorized

---

[2] An "access device" is "any card, plate, code, account number, or other means of account access that can be used alone or in conjunction with another access device to obtain money, goods, services, or anything else of value, or that can be used to initiate a transfer of funds, other than a transfer originated solely by paper instrument." RCW 9A.56.010(1).

control over the property or services of another or the value thereof, with intent to deprive him or her of such property or services." RCW 9A.56.020(1)(a). The terms "wrongfully obtain" and "exert unauthorized control" in the statute are sometimes referred to together as "theft by taking." State v. Linehan, 147 Wn.2d 638, 644, 56 P.3d 542 (2002).

The parties' dispute regards the mens rea element of the crime. Whereas Johnson asserts that the State was required to prove that he acted with the specific intent to take an access device, the State contends that it was required to prove that he intended to take property and, separately, that the property constituted an access device.

The State is correct. The intent to take property and the nature of the property taken constitute two separate, essential elements. Our Supreme Court has made clear that the statute attaches no additional mens rea requirement to the nature of the property taken. Thus, for example, when the relevant statute requires the property taken to exceed a certain value, the State is not required to prove "that the defendant either know the value of the property he has taken or intend to acquire a particular dollar amount of property." State v. Holmes, 98 Wn.2d 590, 596, 657 P.2d 770 (1983). Indeed, "[n]either factor is an element of theft even though 'intent to deprive' is a necessary element." Holmes, 98 Wn.2d at 596 (citing Delmarter, 94 Wn.2d at 634).

Thus, pursuant to the statute under which Johnson was charged, the State was required to prove that he intended to deprive Kendra of her purse and its contents and, separately, that the property taken, or some part thereof,

constituted an access device. At trial, the State presented evidence that, after he took Kendra's purse, Johnson attempted to conceal it by folding the purse into another bag and quickly leaving the store. From this evidence, a reasonable jury could find that Johnson intended to deprive Kendra of the purse and its contents.[3]

B.

Johnson next contends that, based on the specific to-convict instruction given herein, the State was required to prove that he "intended to deprive [Kendra] of the access device."[4] Jury Instruction 7. This is so, he asserts, because the law of the case doctrine requires that the State, in order to satisfy the Fourteenth Amendment's proof beyond a reasonable doubt requirement, prove the elements of the charged crime *as set forth in the to-convict instruction.*

---

[3] Johnson incorrectly cites State v. Lust, 174 Wn. App. 887, 300 P.3d 846 (2013), to argue that when a person steals a purse and is charged with second degree theft, based on the theft of the credit or debit cards inside, the State must separately prove that the defendant intended to deprive the owner of the credit or debit cards. However, in Lust we held that when the defendant stole a woman's purse and separately removed credit and debit cards from inside, the defendant's distinct actions supported convictions for both third and second degree theft, charges which did not merge nor violate double jeopardy prohibitions. 174 Wn. App. at 892. Nothing in Lust supports Johnson's present assertions.

[4] The to-convict instruction stated:
> To convict the defendant of the crime of theft in the second degree, each of the following four elements of the crime must be proved beyond a reasonable doubt:
> (1) That on or about the 22nd day of August, 2013, the defendant wrongfully obtained or exerted unauthorized control over property of another;
> (2) That the property was an access device;
> (3) That the defendant intended to deprive the other person of the access device; and
> (4) That this act occurred in the State of Washington. If you find from the evidence that each of these elements has been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
> On the other hand, if, after weighing all of the evidence, you have a reasonable doubt as to any one of [sic] elements, then it will be your duty to return a verdict of not guilty.

Johnson's argument is directly foreclosed by the United States Supreme Court's recent decision in Musacchio v. United States, 577 U.S. ___, 136 S. Ct. 709, 193 L. Ed. 2d 639 (2016).

In this recent decision, the Supreme Court considered and rejected a claim identical to the one now advanced by Johnson. In doing so, the Supreme Court clarified that a Fourteenth Amendment evidentiary sufficiency challenge must be assessed against the elements of the *charged crime*, not against the erroneously heightened elements set forth in a jury instruction. Musacchio, 136 S. Ct. at 715. The law of the case "doctrine does not bear on how to assess a sufficiency challenge when a jury convicts a defendant after being instructed— without an objection by the Government—on all charged elements of a crime plus an additional element." Musacchio, 136 S. Ct. at 716. Indeed, an evidentiary sufficiency review "does not rest on how the jury was instructed." Musacchio, at 136 S. Ct. at 715. Rather, an appellate court must consider "'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Musacchio, 136 S. Ct. at 715 (quoting Jackson, 443 U.S. at 319). "The Government's failure to introduce evidence of an additional element does not implicate the principles that sufficiency review protects." Musacchio, 136 S. Ct. at 715.

Our sufficiency inquiry is based on the Fourteenth Amendment's due

process clause and the Jackson standard.[5] Because the United States Supreme Court is the final arbiter on the meaning and interpretation of the United States Constitution, Musacchio supersedes all inconsistent interpretations by the courts of this state.[6] See, e.g., State v. Hickman, 135 Wn.2d 97, 102, 954 P.2d 900 (1998).

Because sufficient evidence was adduced that Johnson acted with the mens rea required by the statute—namely, that he intended to deprive Kendra of her purse and its contents—Johnson's evidentiary sufficiency challenge fails.

III

Johnson additionally contends that his trial counsel provided him with constitutionally ineffective assistance because the attorney did not object to the State's second motion in limine, seeking to exclude Johnson's hearsay statements.[7] We disagree.

To demonstrate ineffective assistance of counsel, a defendant must make two showings: (1) defense counsel's representation was deficient, meaning that it fell below an objective standard of reasonableness based on consideration of all the circumstances; and (2) defense counsel's deficient representation prejudiced the defendant, meaning that there is a reasonable probability that except for counsel's unprofessional errors, the result of the proceeding would have been

---

[5] In State v. Green, 94 Wn.2d at 221-22, our Supreme Court made clear that the Jackson standard controls appellate evidentiary sufficiency review in Washington.

[6] State v. Hess, 12 Wn. App. 787, 792, 532 P.2d 1173 (1975), aff'd, 86 Wn.2d 51, 541 P.2d 1222 (1975); accord S.S. v. Alexander, 143 Wn. App. 75, 92, 177 P.3d 724 (2008) (explaining that the United States Supreme Court is the ultimate authority concerning the interpretation of the federal constitution).

[7] The State requested that the court "keep out [Johnson's] hearsay statements unless we take it out of the presence of the jury."

different. State v. McFarland, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. ER 801. Hearsay is not admissible except as provided by the evidence rules, by other court rules, or by statute. ER 802.

Herein, the State sought to exclude Johnson's out of court statements. These statements were hearsay. Johnson does not point to a hearsay exception that would have allowed their admission. The trial court properly granted the State's motion to exclude them. Because any objection by Johnson's counsel would have been misplaced and futile, counsel's representation was not deficient and Johnson's claim of ineffective assistance fails.

IV

Johnson next contends that the court erred when it granted the State's motion to exclude testimony that Johnson entered guilty pleas to the charges constituting his prior convictions.[8] This is so, Johnson asserts, because ER 608(b) does not preclude such evidence. We disagree.

Specific instances of the conduct of a witness, offered for the purpose of attacking or supporting the witness's credibility, may not be proved through extrinsic evidence. ER 608(b). Johnson sought to admit extrinsic evidence that

---

[8] The State requested that the court "exclude testimony that [Johnson] pleaded guilty as opposed to being convicted regarding his prior crimes."

- 8 -

he pled guilty to his prior crimes. He sought to then use this evidence to suggest that, because he did not also plead guilty in this case, he is likely innocent in this instance. However, such extrinsic evidence is inadmissible for the proposed purpose. Thus, the court properly granted the State's motion to exclude evidence that Johnson pled guilty to his prior charges.

VI

Johnson also asserts that there was a scrivener's error in the judgment and sentence that must be corrected.[9] The State does not dispute that this error exists.

Notwithstanding the fact that the better procedure would have been to file a motion in the trial court, see CrR 7.8(a); RAP 7.2(e), because the error is clear, in the interests of judicial economy, we remand the matter to the superior court for the error to be corrected.[10]

Affirmed.

We concur:

---

[9] The judgment and sentence incorrectly states that Johnson was convicted of second degree theft under RCW 9A.56.040(1)(c), when he was actually convicted under RCW 9A.56.040(1)(d).

[10] Because this is a clerical, rather than substantive, endeavor, Johnson need not be present when this change is effectuated.